JAMES M. PETERSON (Bar No. 137837)
peterson@higgslaw.com
KYLE W. NAGEOTTE (Bar No. 285599)
nageottek@higgslaw.com
HIGGS FLETCHER & MACK LLP
401 West A Street, Suite 2600
San Diego, CA 92101-7910
Telephone: (619) 236-1551
Facsimile: (619) 696-1410

Attorneys for Defendant
OS RESTAURANT SERVICES, LLC (erroneously sued as FLEMING'S PRIME STEAKHOUSE & WINE BAR)

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MYCHAEL MCKILLIAN, an individual, DENISE GRIMALDO, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>FLEMING'S PRIME STEAKHOUSE & WINE BAR, a business organization form unknown, DOE 1, an individual, and DOES 2-100, inclusive,<br><br>Defendants. | Case No. **'22CV1380 L     MSB**<br><br>**NOTICE OF REMOVAL OF CIVIL CASE PURSUANT TO 28 U.S.C. §§ 1332 AND 1441**<br><br>CASE FILED: July 5, 2022 |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that Defendant OS RESTAURANT SERVICES, LLC ("Defendant") (erroneously sued as FLEMING'S PRIME STEAKHOUSE & WINE BAR) hereby removes the above-captioned action from the Superior Court of the State of California, County of San Diego, to the United States District Court for the Southern District of California.

## I.   PROCEDURAL HISTORY

1.     On July 5, 2022, Plaintiffs MYCHAEL MCKILLIAN and DENISE GRIMALDO (collectively, "Plaintiffs") filed a lawsuit in the Superior Court of the State of California, County of San Diego, entitled *Mychael McKillian and Denise Grimaldo v. Fleming's Prime Steakhouse & Wine Bar, Doe 1, an individual, and Does 2 through 100, inclusive,* which is currently pending under Case Number 37-2022-00026162-CU-CR-CTL.

2.     Defendant OS RESTAURANT SERVICES, LLC was erroneously sued as Fleming's Prime Steakhouse & Wine Bar, which is a dba of Defendant.

3.     In their Complaint, Plaintiffs allege (1) race discrimination in a place of public accommodation in violation of the California Unruh Civil Rights Act (Cal. Civ. Code §§ 51-52), (2) intentional infliction of emotional distress ("IIED"), and (3) negligent infliction of emotional distress ("NIED"), all related to a single event at a restaurant operated by Defendant.  A true and correct copy of the Complaint, together with a copy of the applicable Summons, is attached hereto as "**Exhibit A**" and "**Exhibit B**" pursuant to 28 U.S.C. 1446(a).

4.     Plaintiffs' Complaint seeks "general, special, actual, compensatory and/or nominal damages," punitive damages, penalties, attorney's fees, and costs.

5.     Defendant was served with the Complaint and Summons by way of Notice and Acknowledgment of Receipt on August 12, 2022.  On September 12, 2022, Defendant filed its Answer to Plaintiffs' Complaint.  A true and correct copy of Defendant's Answer to Plaintiffs' Complaint is attached hereto as "**Exhibit C**" pursuant to 28 U.S.C. 1446(a).

## II.   TIMELINESS OF REMOVAL

6.     A defendant in a civil action has thirty (30) days from the date it is served with a summons and complaint to remove the action to federal court.  28 U.S.C. § 1446(b); Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 347-48 (1999).

HIGGS FLETCHER &
MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

- 2 -

11205180.1

7.     Service of Process was completed on August 12, 2022.  The thirty-day period set forth in Section 1446(b) therefore falls on September 12, 2022, and this Notice of Removal was timely filed.  28 U.S.C. § 1446(b).

8.     To Defendant's knowledge, no other defendants, including any fictitious "Doe" defendants, have been served in this action.  As such, their consent to this removal is not required.

## III.   BASIS FOR REMOVAL – DIVERSITY JURISDICTION

### A.     Diversity of Citizenship

9.     This is a civil action over which this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a), and one which may be removed by Defendant pursuant to 28 U.S.C. § 1441(b), in that it is a civil action between citizens of different states where the amount in controversy exceeds the sum of $75,000, exclusive of interests and costs.

10.    At the time the action was commenced, Plaintiffs were and are citizens of the United States, domiciled in California, and therefore are citizens of California.  (Complaint ¶¶ 1, 2.)  The events alleged in the Complaint occurred at a Fleming's restaurant owned and operated by Defendant in San Diego, California.  (Complaint ¶ 11.)

11.    Defendant is a limited liability company organized and existing under the laws of the State of Florida, with its principal place of business located in Tampa, Florida.

12.    Defendants DOES 1-100, inclusive, are unidentified, there is "no information as to who they are or where they live or their relationship to the action."  It is therefore "proper for the district court to disregard them."  McCabe v. General Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987); see also Rojas by & through Rojas v. Sea World Parks & Ent., Inc., 538 F. Supp. 3d 1008, 1017 (S.D. Cal. 2021) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued

Higgs Fletcher &
Mack LLP
Attorneys at Law
San Diego

- 3 -
NOTICE OF REMOVAL OF CIVIL CASE
11205180.1

under fictitious names shall be disregarded.") (quoting 28 U.S.C. § 1441(b)(1).)

**B.      Amount in Controversy**

13.      For purposes of diversity jurisdiction, when a complaint is unclear and does not specify "a total amount in controversy", the jurisdictional minimum may be satisfied by claims for special and general damages, attorney's fees, and punitive damages.  Simmons v. PCR Technology, 209 F. Supp. 2d 1029, 1031 (N.D. Cal. 2002), quoting Conrad Assoc. v. Hartford Accident & Indemnity Co., 994 F. Supp. 1196, 1198 (N.D. Cal. 1998); see also Guglielmino v. McKee Foods Corp., 506 F.3d 696, 700 (9th Cir. 2007).

14.      When a state court complaint, as here, does not specify a particular amount of damages, the removing defendant must generally provide evidence showing that it is "more likely than not" that the amount in controversy in the action exceeds the $75,000 threshold.  (Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996).)

15.      To measure the amount in controversy, the Ninth Circuit instructs courts to first consider whether it is "facially apparent" from the complaint that the jurisdictional amount has been satisfied.  (Singer v. State Farm Mut. Auto Ins. Co., 116 F.3d 373, 377 (9th Cir. 1997).)  In measuring the amount in controversy, a court "must assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint." (Kenneth Rothschild Trust v. Morgan Stanley Dean Witter, 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002) (internal quotations omitted).)  If the complaint does not clearly establish the jurisdictional amount, the Court may also consider facts raised in the removal petition.  (Singer, 1156 F.3d at 377; see also Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1117 (9th Cir. 2004) ["[W]e reiterate that the amount-in-controversy inquiry in the removal context is not confined to the face of the complaint."].)

///

16.    At the removal stage, the removing party is required only to make a *plausible* allegation that the amount in controversy exceeds the jurisdictional threshold.  Evidence establishing the amount in controversy is not required unless and until "the plaintiff contests, or the court questions, the defendant's allegations." Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S. Ct. at 554 (2014); Arias v. Residence Inn by Marriott, 936 F.3d 920, 925 (9th Cir. 2019) (a defendant's notice of removal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold).  Additionally, the removing defendant may rely on "reasonable assumptions underlying the defendant's theory of damages exposure."  Ibarra v. Manheim Investments, Inc., 775 F.3d 1193, 1198 (9th Cir. 2015).

**(i) Non-Economic Damages.**

17.    Plaintiffs claim money damages for emotional distress and general damages.  (Complaint, (Ex. A) at Prayer for Relief.) These allegations may be taken into account in determining the amount in controversy in the action. See Luckett v. Delta Airlines, Inc., 171 F.3d 295, 298 (5th Cir. 1999) (plaintiff's claims for pain and suffering and humiliation may properly be factored into the jurisdictional analysis for purposes of removal); see also Richmond v. Allstate Ins. Co., 897 F.Supp. 447, 450 (S.D. Cal. 1995) (noting that emotional distress damages, even where vaguely pled, can be potentially substantial).

18.    California juries routinely award significant sums in excess of $75,000 for non-economic damages to plaintiffs who allege discrimination claims.

19.    For example, in Viveros vs. Donahoe, a trial court awarded the plaintiff $225,00 in emotional distress damages on a pregnancy discrimination claim.  13 Trials Digest 16th 9.  In Anderson v. Tran; Shun Fat Supermarket, Inc., the jury awarded $125,000 in emotional distress damages to a customer who alleged disability discrimination in being denied entry to a supermarket.  JVR No. 1505290037.  In Donovan vs. Poway Unified School District, a jury awarded

HIGGS FLETCHER &
MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

- 5 -

11205180.1

plaintiffs $125,000 and $175,000, respectively, in emotional distress damages based on allegations of sexual orientation discrimination under the Unruh Act.  49 Trials Digest 8th 1.  In Ware v. J K M Equipment Inc., the jury awarded $100,000 in emotional distress damages on a racial discrimination claim under the Unruh Act. JVR No. 1802090058.  In Dov vs. Ascot Hotel LLC, the jury awarded $151,200 in emotional distress damages based on allegations of disability discrimination under the Unruh Act.  9 Trials Digest 11th 2.  In Curry v. Academy Pointe, Inc., the jury awarded $750,000 in emotional distress damages for violations of the Unruh Act on disability discrimination allegation.  40 Trials Digest 21st 20.  In Maryann Jordan v. Myrna Dillon, GSF Properties Inc., the jury awarded $1,180,000 in damages for violations of the Unruh Act and intentional infliction of emotional distress because an apartment complex treated a disabled tenant's service animal "as if it were a pet."  2007 WL 5091774.

**(ii) Punitive Damages.**

20.     Plaintiff also seeks punitive damages.  (Complaint, (Ex. A) at Prayer for Relief.)  "It is well established that punitive damages are part of the amount in controversy in a civil action."  Gibson v. Chrysler Corp., 261 F.3d 927, 945 (9th Cir. 2001).  Punitive damages are intended to punish, and are often based upon the net worth of the defendant.  The wealthier the defendant, the larger the award of exemplary damages needs to be in order to accomplish the statutory objective. Bertero v. National General Corp., 13 Cal.3d 43, 65 (1974).  Indeed, it is not uncommon for punitive damages awards in cases with discrimination claims to exceed the $75,000 threshold by themselves.  See, e.g., Curry v. Academy Pointe, Inc., 9 Trials Digest 11th 2 (punitive damages of $4,500,000); Paletz vs. Adaya, 5 Trials Digest 16th 4 (punitive damages of $380,000 on racial/discrimination at hotel pool claim).

///

///

HIGGS FLETCHER &
MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

- 6 -

NOTICE OF REMOVAL OF CIVIL CASE

11205180.1

**(iii) Attorney's Fees.**

21.     Plaintiffs also claim attorney's fees.  (Complaint, at "Prayer for Relief.")  As the Ninth Circuit explained, "where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy."  Galt G/S v. JSS Scandinavia, 142 F.3d 1150, 1156 (9th Cir. 1998); see Lowdermilk v. U.S. Bank Nat'l Ass'n, 479 F.3d 994, 1000 (9th Cir. 2007) (stating attorney's fees are included in assessing the amount in controversy where a plaintiff seeks their recovery per an underlying statute authorizing such an award through either mandatory or discretionary language).  Because the attorneys' fees are recoverable to the prevailing party under the Unruh Act, and because all of the causes of action arise from the same "common core of facts," the Court may consider the fees arising from time spent on Plaintiffs entire complaint in its computation of the jurisdictional amount in controversy.  Hubbard v. Twin Oaks Health & Rehab. Ctr., 406 F. Supp. 2d 1096, 1100 (E.D. Cal. 2005).

22.     A court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met."  See Fritsch v. Swift Transportation Company of Arizona, 899 F.3d 785, 794 (9th Cir. 2018); see also Arias, 936 F.3d at 927-928.

23.     In discrimination cases, the attorney's fee award often eclipses even the damages award.  See Simmons v. PCR Tech., 209 F. Supp. 2d 1029, 1035 (N.D. Cal. 2002) ("Although attorneys' fees cannot be precisely calculated, maintaining a race discrimination claim will undoubtedly require substantial effort from counsel. The court notes that in its twenty-plus years' experience, attorneys' fees in individual discrimination cases often exceed the damages.").  See, e.g., K.M. ex rel. Bright v. Tustin Unified Sch. Dist., 78 F. Supp. 3d 1289 (C.D. Cal. 2015) (fees of $369,608.80 on $197,500 damages); Schutza v. City of San Diego, No. 313CV2992CABKSC, 2017 WL 3149509, at *7 (S.D. Cal. July 24, 2017) (fees of

HIGGS FLETCHER &
MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

NOTICE OF REMOVAL OF CIVIL CASE

11205180.1

$83,120 on $24,000 statutory damages); *Kittok v. Ralphs Grocery Co.*, 2009 WL 2603096, at *5 (C.D. Cal. Aug. 24, 2009) (fees of $21,841.50 on $4,000 damages); Long v. American Civil Liberties Union of Southern California, JVR No. 29585 (fees of $72,000 on $20,000 damages).

**(iv) Statutory Damages.**

24.     Prevailing plaintiffs on an Unruh Act claim are entitled to statutory damages of at least $4,000 per violation, in addition to actual damages.  Cal. Civ. Code, § 52(a); Wilson v. Haria & Gogri Corp., 479 F. Supp. 2d 1127, 1135 (E.D. Cal. 2007).  "The litigant need not prove she suffered actual damages to recover the independent statutory damages of $4,000."  Molski v. M.J. Cable, Inc., 481 F.3d 724, 731 (9th Cir. 2007).

25.     The civil penalty may be assessed in an amount of $4,000 per violation up to treble the actual damages.  Cal. Civ. Code § 52.

26.     If successful, Plaintiffs will be entitled to $8,000 in civil penalties ($4,000 each) but potentially much more based on the measure of their emotional distress damages.  Even a modest recovery of $10,000 each for emotional distress would entitle them to a potential additional penalty of $30,000 each, which would put this case above the amount-in-controversy requirement.

27.     Taken together, the confluence of actual damages, punitive damages, attorney's fees, and statutory damages place the *plausible* amount in controversy here well above the $75,000 threshold required for diversity jurisdiction.

**IV.     ALL PROCEDURAL REQUIREMENTS HAVE BEEN MET**

28.     Plaintiffs originally filed their complaint in the Superior Court of California, County of San Diego, which is located within the Southern District of California.  Therefore, venue is proper in this Court pursuant to 28 U.S.C. section 84(a), as it is the "district and division embracing the place where such action is pending."  (28 U.S.C. § 114(a).)

///

HIGGS FLETCHER &
MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

- 8 -

11205180.1

29. Pursuant to 28 U.S.C. § 1446(d), Defendant will give written notice of the removal of this action to all parties and is filing a copy of that notice with the Superior Court of California, County of San Diego. True and correct copies of the notice to Plaintiffs and to the state court shall be filed promptly.

## V.   **CONCLUSION**

30. Wherefore, Defendant prays that the above-entitled action now pending against it in the Superior Court of California, County of San Diego, be removed to this Court.

Dated: September 12, 2022                    HIGGS FLETCHER & MACK LLP


By: */s/ Kyle W. Nageotte*
JAMES M. PETERSON
KYLE W. NAGEOTTE
Attorneys for Defendant
OS RESTAURANT SERVICES,
LLC (erroneously sued as
FLEMING'S PRIME
STEAKHOUSE & WINE BAR)

HIGGS FLETCHER &
MACK LLP
ATTORNEYS AT LAW
SAN DIEGO

- 9 -
NOTICE OF REMOVAL OF CIVIL CASE

11205180.1